UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                CASE NO. 8:12-cr-0076-MSS-TBM

JOSHUA TAYLOR

## UNITED STATES' RESPONSE IN OPPOSITION TO JOSHUA TAYLOR'S MOTION FOR COMPASSIONATE RELEASE

The United States opposes Taylor's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (to be codified at 18 U.S.C. § 362)] based on COVID-19 concerns. Doc. 68. Taylor has not demonstrated that he has any medical conditions that satisfy the requirements for compassionate release. And, the Bureau of Prisons ("BOP") has implemented a COVID-19 action plan to minimize the risk of transmission into and throughout its facilities.[1] Accordingly, COVID-19 is not an extraordinary and compelling reason to grant Taylor's compassionate release.

---

[1] *See* BOP Implementing Modified Operations, available at https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed on September 28, 2020).

## I.    Background.

This Court sentenced Taylor to 210 months' imprisonment after pleading guilty to one count of transportation of visual depictions of a minor engaging in sexually explicit conduct. Doc. 31. As detailed in the plea agreement, signed by Taylor, in January 2012, Taylor was found in possession of over 5,000 images and videos of child pornography. Doc. 16. Further, Taylor had engaged in online communications with an undercover detective for the purpose of exchanging videos of child pornography. *Id.*

Taylor is currently incarcerated at Fort Dix FCI in New Jersey, is 38 years old, and is projected to be released on December 8, 2026. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on April 5, 2021). Taylor has served over half of his sentence, however approximately five years still remain. In 2015 during his incarceration, Taylor was sanctioned for possessing pictures of children.

On September 25, 2020, Taylor filed his first motion for compassionate release, "as a victim of Covid-19 in prison," relying on the threat posed by the COVID-19 pandemic. Doc 61. The Unites States filed a response in opposition on October 8, 2020. Doc. 64. The United States hereby incorporates and adopts by reference all of the arguments made in its original response.

On October 16, 2020, this Court denied Taylor's motion for compassionate release. Doc. 65. In its Order, the Court stated in part, "although the Defendant asserts that he has asthma, he 'does not include details including its severity, how

long he has had asthma, and whether he uses an inhaler or medication to treat his condition.'" *United States v. Zamor*, No. 17-20353-CR, 2020 WL 2764282 at *1 (S.D. Fla. May 12, 2020). *Id.* at 4. The Court further stated that Taylor "cannot show that extraordinary and compelling reasons support his release." *Id.* at 5. The Court concluded that even if Taylor had established an extraordinary and compelling reason, the applicable Section 3553(a) factors and the dangers posed to the public weigh against a reduction in sentence. *Id.*

In Taylor's current motion, he provides little in the way of additional information regarding his asthma. While Taylor asserts that he suffers from other medical conditions in addition to asthma, Taylor does not provide any medical documentation to support those assertions. As such, Taylor has again failed to show that extraordinary and compelling reasons support his release.

Even if Taylor had established an extraordinary and compelling reason, the fact remains unchanged that the danger Taylor poses to the public weighs against a reduction in sentence. Many of the child pornographic images Taylor possessed depicted sadistic and masochistic conduct. The sentence Taylor received reflects the seriousness of his offense conduct, promotes respect for the law, provides just punishment, affords adequate deterrence to criminal conduct, and protects the public from future crimes of Taylor.

## CONCLUSION

For the foregoing reasons, this Court should deny Taylor's motion for

compassionate release based on COVID-19.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

By: /s/ Candace G. Rich
Candace G. Rich
Assistant United States Attorney
Florida Bar No. 0027792
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Candace.Rich@usdoj.gov

**U.S. v. Joshua Taylor**                    **Case No. 8:12-cr-0076-MSS-TBM**

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2021, a true and correct copy of the foregoing

document and the notice of electronic filing were sent by United States Mail to the

following non-CM/ECF participant(s):

> Joshua Taylor
> Reg. No. 56237-018
> FCI FORT DIX
> Federal Correctional Institution
> P.O. Box 2000
> Joint Base MDL, NJ 08640

> */s/ Candace G. Rich*
> Candace G. Rich
> Assistant United States Attorney
> Florida Bar No. 0027792
> 400 N. Tampa St., Ste. 3200
> Tampa, FL 33602-4798
> Telephone: (813) 274-6000
> Facsimile: (813) 274-6358
> E-mail: Candace.Rich@usdoj.gov

5